Argued September 10, affirmed November 20, 1975

JONES, *Appellant, v.* FLANNIGAN, *Respondent.*

542 P2d 907

L. B. *Sandblast,* Portland, argued the cause and filed briefs for appellant.

*David C. Landis,* Portland, argued the cause for respondent. With him on the brief was Gearin, Cheney, Landis, Aebi & Kelley, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

HOLMAN, J.

Plaintiff brought an action for damages for the loss of services of his 13-year-old son who plaintiff claims was killed as the result of the acts of defendant. The trial court found for defendant after a trial upon the segregated issue of estoppel by judgment. Plaintiff appeals.

This case was the subject of a prior appeal concerning a similar issue. The trial court there, in a judgment on the pleadings, had held plaintiff estopped from asserting his claim for loss of services because the pleadings showed plaintiff had had a verdict directed against him in a previous action as administrator of his son's estate for damages to the estate resulting from the child's death. Upon the first appeal of this case this court reversed and remanded for trial. 270 Or 121, 526 P2d 543 (1974). We there held that plaintiff was in "privity" with his former position as administrator of his son's estate because he was in control of the action for damages to the estate and he had a personal interest in that action as an heir of his son. However, we remanded the case for trial because the pleadings did not show the basis for the directed verdict in the first case. We held that if the

first case had been decided on the basis that defendant was not negligent or because any negligence of which he might have been guilty was not the cause of the death, plaintiff would be estopped. However, we could not determine if this was the case. For all the pleadings showed, the directed verdict in the first case could have been based upon an absence of proof of damages to the child's estate. Since the damages in an action for loss of the child's services have a basis entirely different than do damages in an action for the benefit of his estate, estoppel could not be invoked if the prior directed verdict was based upon absence of proof of damages.

■ At the trial which resulted from the remand and from which this appeal is taken, defendant introduced a transcript of the court's decision in the first case which proved that the court had directed a verdict against plaintiff in that case because no acts of the defendant had been shown to be the cause of the son's death. Upon this basis the trial court properly held that plaintiff was estopped.

■■ Plaintiff's only complaint seems to be that the case was remanded by this court for trial but that he was given only a partial trial and not a complete one upon all the issues. It is within the authority of the trial court to segregate an issue for a separate trial. ORS 11.060.[1] The trial court did not transgress the provisions of the statute when it segregated for trial an issue which would be tried expeditiously and which could be determinative of the entire case.

The judgment of the trial court is affirmed.

---

[1] "Upon motion of any party, the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, crossclaim, counterclaim or of any separate issue or of any number of claims, crossclaims, counterclaims or issues."